# U.S. District Court
## Eastern District of Missouri (St. Louis)
## CIVIL DOCKET FOR CASE #: <u>4:22–cv–00385–SRC</u>

Vogt v. Progressive Casualty Insurance Company
Assigned to: Chief District Judge Stephen R. Clark
Demand: $25,000
 Case in other court:  21st Judicial Circuit, St. Louis County,
                                  Missouri, 21SL–AC01922
Cause: 28:1332 Diversity–Fraud

Date Filed: 04/01/2022
Jury Demand: Both
Nature of Suit: 370 Other Fraud
Jurisdiction: Diversity

**<u>Plaintiff</u>**

**Lillian Louise Morgan Vogt**
*individually and as the Representative of*
*a class of similarly situated persons*

represented by **Kevin M. Carnie**
SIMON LAW FIRM PC
800 Market Street
Suite 1700
St. Louis, MO 63101
314–241–2929
Fax: 314–241–2029
Email: kcarnie@simonlawpc.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*
*Bar Status: Active*

**Patrick J. Boyle**
GUNN AND GUNN
11901 Olive Boulevard
Suite 312, P.O. Box 419002
St. Louis, MO 63141–6736
314–432–4550
Fax: 314–432–4489
Email: pjbatty@aol.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*
*Bar Status: Active*

**Patrick Ryan McPhail**
THE SIMON LAW FIRM PC
800 Market Street
Suite 1700
St. Louis, MO 63101
314–241–2929
Fax: 314–241–2929
Email: pmcphail@simonlawpc.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

V.

**Defendant**

**Progressive Casualty Insurance Company**  represented by  **Jennifer L. Mesko**
TUCKER ELLIS LLP – Cleveland
950 Main Avenue
Suite 1100
Cleveland, OH 44113
216–696–4579
Fax: 216–592–5009
Email: jennifer.mesko@tuckerellis.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*
*Bar Status: Phv*

**Kelly Ann Baldini**
TUCKER ELLIS LLP – St Louis
100 S. 4th Street
Suite 600
St. Louis, MO 63102
314–571–4963
Email: kelly.baldini@tuckerellis.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*
*Bar Status: Active*

**Sandra Jane Wunderlich**
TUCKER ELLIS LLP – St. Louis
100 S. 4th Street
Suite 600
St. Louis, MO 63102
314–256–2544
Fax: 314–256–2549
Email: sandra.wunderlich@tuckerellis.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*
*Bar Status: Active*

**Defendant**

**K&B Auto Sales LLC**  represented by  **Kevin D. Wayman**
*TERMINATED: 12/20/2023*
KEVIN D WAYMAN ATTORNEY AT LAW LLC
2333 South Hanley Rd.
Brentwood, MO 63144
314–525–7177

Fax: 314–525–7178
Email: kevinwayman@msn.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*
*Bar Status: Active*

Email All Attorneys
(will not send to terminated parties)

Email All Attorneys and Additional Recipients
(will not send to terminated parties)

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 04/01/2022 | 1 | | NOTICE OF REMOVAL from 21st Judicial Circuit, St. Louis County, Missouri, case number 21SL–AC01922, with receipt number AMOEDC–9217718, in the amount of $402 Jury Demand,, filed by Progressive Casualty Insurance Company. (Attachments: # 1 Exhibit A – State Court File, # 2 Attachment Pending Motion in State Court Action, # 3 Original Filing Form, # 4 Civil Cover Sheet)(Wunderlich, Sandra) (Entered: 04/01/2022) |
| 04/01/2022 | 2 | | NOTICE OF FILING NOTICE OF REMOVAL filed by Defendant Progressive Casualty Insurance Company Sent To: Plaintiff (Wunderlich, Sandra) (Entered: 04/01/2022) |
| 04/01/2022 | 3 | | DISCLOSURE OF ORGANIZATIONAL INTERESTS CERTIFICATE by Defendant Progressive Casualty Insurance Company. Parent companies: Drive Insurance Holdings, Inc.; The Progressive Corporation, Subsidiaries: n/a, Publicly held company: n/a,. (Wunderlich, Sandra) (Entered: 04/01/2022) |
| 04/04/2022 | 4 | | Petition (Removal/Transfer) Received From: Circuit Court, City of St Louis, filed by Lillian Louise Morgan Vogt.(BAK) (Entered: 04/04/2022) |
| 04/04/2022 | 5 | | First Amended Petition (Removal/Transfer) Received From: Circuit Court, City of St Louis, filed by Lillian Louise Morgan Vogt.(BAK) (Entered: 04/04/2022) |
| 04/04/2022 | 6 | | NOTICE OF FILING NOTICE OF REMOVAL filed by Defendant Progressive Casualty Insurance Company Sent To: State Court – Executed (Wunderlich, Sandra) (Entered: 04/04/2022) |
| 04/04/2022 | 7 | | Second Amended Petition (Removal/Transfer) Received From: Circuit Court, City of St Louis, filed by Lillian Louise Morgan Vogt.(BAK) (Entered: 04/04/2022) |
| 04/04/2022 | 8 | | MOTION to Dismiss Plaintiff's Second Amended Petition for Failure to State A Claim Upon Which Relief Can Be Granted and alternative, MOTION for More Definite Statement by Defendant K&B Auto Sales LLC. (BAK) (Entered: 04/04/2022) |
| 04/04/2022 | | | Case Opening Notification. Judge Assigned: U.S. District Judge Stephen R. Clark. All non–governmental organizational parties (corporations, limited liability companies, limited liability partnerships) must file Disclosure of |

| | | | |
|---|---|---|---|
| | | | Organizational Interests Certificate  (moed–0001.pdf). (BAK) (Entered: 04/04/2022) |
| 04/04/2022 | 9 | | DISCLOSURE OF ORGANIZATIONAL INTERESTS CERTIFICATE by Defendant K&B Auto Sales LLC. Parent companies: None, Subsidiaries: None, Publicly held company: None,. (Wayman, Kevin) (Entered: 04/04/2022) |
| 04/05/2022 | 10 | | Consent MOTION for Extension of Time to File Answer re 7 Amended Petition (Removal/Transfer) by Defendant Progressive Casualty Insurance Company. (Wunderlich, Sandra) (Entered: 04/05/2022) |
| 04/06/2022 | 11 | | MOTION for Leave to Appear Pro Hac Vice Jennifer L. Mesko. The Certificate of Good Standing was attached.(Filing fee $150 receipt number AMOEDC–9224124) by Defendant Progressive Casualty Insurance Company. (Attachments: # 1 Certificate of Good Standing)(Mesko, Jennifer) (Entered: 04/06/2022) |
| 04/06/2022 | 12 | | Docket Text ORDER: Re: 10 Consent MOTION for Extension of Time to File Answer re 7 Amended Petition (Removal/Transfer) by Defendant Progressive Casualty Insurance Company. (Wunderlich, Sandra) ; ORDERED GRANTED. Progressive Casualty Insurance Company answer due 5/6/2022. The Court does not anticipate granting further extensions. Signed by District Judge Stephen R. Clark on 4/6/22. (JAB) (Entered: 04/06/2022) |
| 04/07/2022 | 13 | | Docket Text ORDER: The Court grants 11 MOTION for Leave to Appear Pro Hac Vice. Signed by District Judge Stephen R. Clark on 4/7/2022. (CLO) (Entered: 04/07/2022) |
| 04/18/2022 | 14 | | RESPONSE to Motion re 8 MOTION to Dismiss Case MOTION for More Definite Statement *Plaintiff's Response to Defendant K&B Auto Sales LLC's Motion to Dismiss* filed by Plaintiff Lillian Louise Morgan Vogt. (McPhail, Patrick) (Entered: 04/18/2022) |
| 05/06/2022 | 15 | | MOTION to Dismiss :Counts VII–XVI Of The Seconded Amended Petition by Defendant Progressive Casualty Insurance Company. (Attachments: # 1 Supplement Memorandum of Law In Support of Defendant Progressive Casualty Insurance Company's Motion To Dismiss Counts VII–XVI Of The Second Amended Petition For Failure To State A Claim, # 2 Exhibit Insurance Company Search)(Mesko, Jennifer) (Entered: 05/06/2022) |
| 05/06/2022 | 16 | | *Defendant Progressive Casualty Insurance Company's* ANSWER to Complaint *Counts I–VI of Plaintiff's Seconded Amended Petition and Separate Defenses* by Progressive Casualty Insurance Company.(Mesko, Jennifer) (Entered: 05/06/2022) |
| 05/19/2022 | 17 | | MOTION for Extension of Time to File Response/Reply as to 15 MOTION to Dismiss :Counts VII–XVI Of The Seconded Amended Petition *Plaintiff's Consent Motion for Extension of Time to Respond to Defendant Progressive's Motion to Dismiss* by Plaintiff Lillian Louise Morgan Vogt. (McPhail, Patrick) (Entered: 05/19/2022) |
| 06/02/2022 | 18 | | ENTRY of Appearance by Kelly Ann Baldini for Defendant Progressive Casualty Insurance Company. (Baldini, Kelly) (Entered: 06/02/2022) |
| 06/03/2022 | 19 | | RESPONSE to Motion re 15 MOTION to Dismiss :Counts VII–XVI Of The Seconded Amended Petition *Plaintiff's Response to Defendant Progressive's* |

| | | | |
|---|---|---|---|
| | | | *Motion to Dismiss* filed by Plaintiff Lillian Louise Morgan Vogt. (Attachments: # 1 Exhibit 1 – Attorney General Notice Regarding State Farm Settlement)(McPhail, Patrick) (Entered: 06/03/2022) |
| 06/06/2022 | 20 | | Docket Text ORDER: The Court grants 17 Plaintiff's Consent Motion for Extension of Time to Respond to Defendant Progressives Motion to Dismiss. Signed by District Judge Stephen R. Clark on 6/6/2022. (LNJ) (Entered: 06/06/2022) |
| 06/10/2022 | 21 | | REPLY to Response to Motion re 15 MOTION to Dismiss :Counts VII–XVI Of The Seconded Amended Petition filed by Defendant Progressive Casualty Insurance Company. (Mesko, Jennifer) (Entered: 06/10/2022) |
| 06/29/2022 | 22 | | MEMORANDUM AND ORDER: Accordingly, the Court grants K&B's 8 Motion to Dismiss, dismissing counts 1 and 2 of Vogt's Second Amended Complaint. The Court denies as moot K&B's alternative Motion for a More Definitive Statement. (SEE ORDER FOR DETAILS.) Signed by District Judge Stephen R. Clark on 6/29/2022. (LNJ) (Entered: 06/29/2022) |
| 09/08/2022 | 23 | | MEMORANDUM AND ORDER: The Court grants Progressive's 15 Motion to Dismiss counts 7 through 11 of Vogt's Second Amended Complaint. Signed by District Judge Stephen R. Clark on 9/8/2022. (CLT) (Entered: 09/08/2022) |
| 09/09/2022 | 24 | | ORDER SETTING RULE 16 SCHEDULING CONFERENCE: Pursuant to the Civil Justice Reform Act Expense and Delay Reduction Plan and the Differentiated Case Management Program of the United States District Court of the Eastern District of Missouri, the Court orders the following schedule: SEE ORDER FOR DETAILS. This case is assigned to Track: 2. (Joint Scheduling Plan due by 9/23/2022. Rule 16 Conference set for 10/4/2022 04:40 PM in Zoom Video Conference before District Judge Stephen R. Clark.) Signed by District Judge Stephen R. Clark on 9/9/2022. (CLT) (Entered: 09/09/2022) |
| 09/23/2022 | 25 | | JOINT SCHEDULING PLAN by Plaintiff Lillian Louise Morgan Vogt. *Joint Proposed Scheduling Plan*. (McPhail, Patrick) (Entered: 09/23/2022) |
| 09/23/2022 | 26 | | Unopposed MOTION for Leave to Excuse Lead Counsel from Attending Rule 16 Conference by Plaintiff Lillian Louise Morgan Vogt. (McPhail, Patrick) (Entered: 09/23/2022) |
| 09/26/2022 | 27 | | Docket Text ORDER: The Court grants, in the alternative, Plaintiffs 26 Unopposed Motion. The Court continues the Rule 16 conference to October 12, 2022 at 4:00 p.m. CT by Zoom. Conference participants will receive an email with a link to access the conference. Lead trial counsel must participate in the conference. (Rule 16 Conference set for 10/12/2022 04:00 PM in Zoom Video Conference before District Judge Stephen R. Clark.) Signed by District Judge Stephen R. Clark on 9/26/22. (JAB) (Entered: 09/26/2022) |
| 10/12/2022 | 28 | | ELECTRONIC MINUTE ENTRY (no pdf attached) for proceedings held before District Judge Stephen R. Clark: Rule 16 Conference held on 10/12/2022 via Zoom Teleconference. CMO to issue. (Notice only, no.pdf attached) (proceedings started: 4:02 p.m.) (proceedings ended: 4:46 p.m.) (Appearance for Plaintiff: Kevin Carnie, Patrick McPhail) (Appearance for Defendant: Jennifer Mesko, Kelly Baldini, Sandra Wunderlich). (CLT) (Entered: 10/13/2022) |

| 10/13/2022 | 29 | | CASE MANAGEMENT ORDER: IT IS HEREBY ORDERED that the following schedule shall apply in this case, and will be modified only upon a showing of exceptional circumstances: This case is assigned to Track: 3. SEE ORDER FOR DETAILS. Motion to Join Parties due by 12/1/2023. Discovery Completion due by 10/16/2023. ADR Future Reference 1/16/2024. Dispositive Motions due by 12/22/2023. Jury Trial set for 4/22/2024 09:00 AM in Courtroom 14N – St. Louis before District Judge Stephen R. Clark. Pretrial Conference set for 4/15/2024 01:30 PM in Courtroom 14N – St. Louis before District Judge Stephen R. Clark. Signed by District Judge Stephen R. Clark on 10/13/2022. (CLT) (Entered: 10/13/2022) |
|---|---|---|---|
| 10/24/2022 | 30 | | REPORT TO COURT ORDER re 29 Case Management Order,, *Joint Jurisdictional Report* by Defendant Progressive Casualty Insurance Company. (Mesko, Jennifer) (Entered: 10/24/2022) |
| 10/26/2022 | 31 | | Docket Text ORDER: Having considered the parties' 30 Joint Jurisdictional Report, the Court adopts the parties' proposed supplemental briefing schedule. Progressive must file its supplemental brief on jurisdiction by no later than November 2, 2022, and Vogt must file its response by no later than November 9, 2022. (Response to Court due by 11/2/2022.) Signed by District Judge Stephen R. Clark on 10/26/2022. (CLT) (Entered: 10/26/2022) |
| 11/02/2022 | 32 | | SUPPLEMENTAL re 31 Docket Text Order with Schedules, *Brief In Support Jurisdiction* by Defendant Progressive Casualty Insurance Company. (Attachments: # 1 Exhibit Declaration of Michael Silver)(Mesko, Jennifer) (Entered: 11/02/2022) |
| 11/07/2022 | 33 | | SUPPLEMENTAL re 32 Supplemental *Plaintiff's Response to Progressive's Supplemental Brief in Support of Jurisdiction* by Plaintiff Lillian Louise Morgan Vogt. (Carnie, Kevin) (Entered: 11/07/2022) |
| 01/31/2023 | 34 | | Joint MOTION for Discovery *Order Approving Stipulated Electronically Stored Information Protocol* by Defendant Progressive Casualty Insurance Company. (Attachments: # 1 Text of Proposed Order Stipulated Order Governing Discovery of Electronically Stored Information)(Mesko, Jennifer) (Entered: 01/31/2023) |
| 01/31/2023 | 35 | | Joint MOTION for Protective Order by Defendant Progressive Casualty Insurance Company. (Attachments: # 1 Text of Proposed Order Stipulated Protective Order)(Mesko, Jennifer) (Entered: 01/31/2023) |
| 02/06/2023 | 36 | | Docket Text ORDER: The Court grants 35 Joint Motion for Protective Order. Signed by Chief District Judge Stephen R. Clark on 2/6/23. (JAB) (Entered: 02/06/2023) |
| 02/06/2023 | 37 | | PROTECTIVE ORDER. Signed by Chief District Judge Stephen R. Clark on 2/6/23. (JAB) (Entered: 02/06/2023) |
| 02/06/2023 | 38 | | Docket Text ORDER: Having reviewed the parties' 34 Joint Motion for Discovery Order Approving Stipulated Electronically Stored Information Protocol, the Court denies the Motion without prejudice. The parties may stipulate among themselves regarding ESI protocol; however, the Court need not enter an order regarding ESI at this time. Signed by Chief District Judge Stephen R. Clark on 2/6/23. (JAB) (Entered: 02/06/2023) |

| 10/05/2023 | 39 | | MOTION to Compel by Plaintiff Lillian Louise Morgan Vogt. (McPhail, Patrick) (Entered: 10/05/2023) |
|---|---|---|---|
| 10/10/2023 | 40 | | RESPONSE in Opposition re 39 MOTION to Compel filed by Defendant Progressive Casualty Insurance Company. (Mesko, Jennifer) (Entered: 10/10/2023) |
| 10/11/2023 | 41 | | MOTION for Protective Order *Pursuant to Fed.R. of Civ.P. 26(c)(1)* by Defendant Progressive Casualty Insurance Company. (Mesko, Jennifer) (Entered: 10/11/2023) |
| 10/11/2023 | 42 | | MOTION to Quash *Expert Subpoenas And For Protective Order On The Deposition Notices To Progressive's Experts Pursuant To Fed.R.Civ.P. 45(d)(3)(A)* by Defendant Progressive Casualty Insurance Company. (Mesko, Jennifer) (Entered: 10/11/2023) |
| 10/13/2023 | 43 | | RESPONSE to Motion re 42 MOTION to Quash *Expert Subpoenas And For Protective Order On The Deposition Notices To Progressive's Experts Pursuant To Fed.R.Civ.P. 45(d)(3)(A) Plaintiff's Response to Progressive's Expert Motion* filed by Plaintiff Lillian Louise Morgan Vogt. (McPhail, Patrick) (Entered: 10/13/2023) |
| 10/13/2023 | 44 | | RESPONSE to Motion re 41 MOTION for Protective Order *Pursuant to Fed.R. of Civ.P. 26(c)(1) Plaintiff's Response to Progressive's Motion for Protective Order* filed by Plaintiff Lillian Louise Morgan Vogt. (McPhail, Patrick) (Entered: 10/13/2023) |
| 10/14/2023 | 45 | | ORDER: Accordingly, the Court denies Vogt's 39 Motion to Compel. Further, the Court grants Progressive's 41 Motion for Protective Order. Finally, the Court denies, without prejudice, Progressive's 42 Motion to Quash and for Protective Order. Signed by Chief District Judge Stephen R. Clark on 10/14/23. (JAB) (Entered: 10/14/2023) |
| 10/16/2023 | 46 | | MOTION for Protective Order *Pursuant to Fed.R.Civ.P. 26(C)(1)* by Defendant Progressive Casualty Insurance Company. (Mesko, Jennifer) (Entered: 10/16/2023) |
| 10/17/2023 | 47 | | RESPONSE to Motion re 46 MOTION for Protective Order *Pursuant to Fed.R.Civ.P. 26(C)(1) Plaintiff's Response to Progressive's Renewed Motion for Protective Order* filed by Plaintiff Lillian Louise Morgan Vogt. (McPhail, Patrick) (Entered: 10/17/2023) |
| 10/26/2023 | 48 | | ORDER: Accordingly, the Court denies Progressive's 46 Motion for Protective Order. Further, the Court denies Vogt's 47 request for a Court order. Signed by Chief District Judge Stephen R. Clark on 10/26/2023. (LNJ) (Entered: 10/26/2023) |
| 11/20/2023 | 49 | | MOTION to Certify Class by Plaintiff Lillian Louise Morgan Vogt. (McPhail, Patrick) (Entered: 11/20/2023) |
| 11/20/2023 | 50 | | MEMORANDUM in Support of Motion re 49 MOTION to Certify Class filed by Plaintiff Lillian Louise Morgan Vogt. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10)(McPhail, Patrick) (Attachment 4 replaced on 11/21/2023 with redacted version due to filing error) (JAB). (Entered: 11/20/2023) |

| 11/20/2023 | 51 | | MOTION for Leave to File Under Seal by Plaintiff Lillian Louise Morgan Vogt. (McPhail, Patrick) (Entered: 11/20/2023) |
|---|---|---|---|
| 11/20/2023 | 52 | | NOTICE of Filing Exhibit with the Clerk's Office in paper format by Plaintiff Lillian Louise Morgan Vogt re 50 Memorandum in Support of Motion, (McPhail, Patrick) REMARK: 1 flash drive received and will be maintained in the Clerk's Office on 11/21/2023 (JAB). (Entered: 11/20/2023) |
| 11/21/2023 | 53 | | Electronic Notice of Noncompliance re 51 MOTION for Leave to File Under Seal . Review of this case shows that Plaintiff Lillian Louise Morgan Vogt filed a Motion for Leave to File Under Seal but failed to file a Sealed Memorandum in Support of Motion for Leave to File a Document Under Seal with sealed document attached, in violation of Local Rule 13.05. Please refer to the  Guidance on Filing Sealed Materials for Filers.pdf for further instructions. (LNJ) (Entered: 11/21/2023) |
| 11/21/2023 | 54 | | SEALED MEMORANDUM in Support of 51 MOTION for Leave to File Under Seal filed by Plaintiff Lillian Louise Morgan Vogt. Redacted Copy due by 11/24/2023. (Attachments: # 1 Exhibit 1, # 2 Exhibit 7, # 3 Exhibit 8, # 4 Exhibit 9)(McPhail, Patrick) (REMARK: Unsealed docs 54, 54−2, 54−3, 54−4 on 1/8/2024 per Order 87 ). (LNJ). (Entered: 11/21/2023) |
| 11/22/2023 | 55 | | REDACTION *Exhibit 1* to 50 Memorandum in Support of Motion for Class Certification by Lillian Louise Morgan Vogt filed by Plaintiff Lillian Louise Morgan Vogt. (McPhail, Patrick) Modified text 11/28/2023 (JAB). (Entered: 11/22/2023) |
| 11/22/2023 | 56 | | REDACTION *Exhibit 7* to 50 Memorandum in Support of Motion for Class Certification by Lillian Louise Morgan Vogt filed by Plaintiff Lillian Louise Morgan Vogt. (McPhail, Patrick) Modified text on 11/28/2023 (JAB). (Entered: 11/22/2023) |
| 11/22/2023 | 57 | | REDACTION *Exhibit 8* to 50 Memorandum in Support of Motion for Class Certification by Lillian Louise Morgan Vogt filed by Plaintiff Lillian Louise Morgan Vogt. (McPhail, Patrick) Modified text on 11/28/2023 (JAB). (Entered: 11/22/2023) |
| 11/22/2023 | 58 | | REDACTION *Exhibit 9* to 50 Memorandum in Support of Motion for Class Certification by Lillian Louise Morgan Vogt filed by Plaintiff Lillian Louise Morgan Vogt. (McPhail, Patrick) Modified text on 11/28/2023 (JAB). (Entered: 11/22/2023) |
| 11/28/2023 | 59 | | SEALED MEMORANDUM in Support of 51 MOTION for Leave to File Under Seal filed by Defendant Progressive Casualty Insurance Company. (Attachments: # 1 Exhibit Declaration of Noe Garza to Support Motion to File Progressive Documents Under Seal)(Mesko, Jennifer) Modified on 11/28/2023; removed redacted copy deadline from text (JAB). (REMARK: Unsealed per Order 87 on 1/8/2024). (LNJ). (Entered: 11/28/2023) |
| 11/29/2023 | 60 | | MOTION for Leave to File in Excess of Page Limitation *Of Defendant Progressive Casualty Insurance Company's Opposition To Plaintiff's Motion For Class Certification* by Defendant Progressive Casualty Insurance Company. (Mesko, Jennifer) (Entered: 11/29/2023) |
| 11/30/2023 | 61 | | |

| | | | |
|---|---|---|---|
| | | | Docket Text ORDER: The Court grants Progressive's 60 Motion for Leave to File in Excess of Page Limitation. The Court encourages counsel to be as concise as possible. Signed by Chief District Judge Stephen R. Clark on 11/30/2023. (CLT) (Entered: 11/30/2023) |
| 12/08/2023 | 62 | | MOTION for Leave to File Under Seal by Defendant Progressive Casualty Insurance Company. (Mesko, Jennifer) (Entered: 12/08/2023) |
| 12/08/2023 | 63 | | *−− Per doc. 87 docs. 63, 63−1, 63−2, 63−3, 63−4, 63−5, and 63−6 are WITHDRAWN and docs. 63−7, and 63−8 are UNSEALED. −−* SEALED MEMORANDUM in Support of 62 MOTION for Leave to File Under Seal filed by Defendant Progressive Casualty Insurance Company. Redacted Copy due by 12/11/2023. (Attachments: # 1 Exhibit Declaration of Noe Garza, # 2 Exhibit Noe Garza Highlighted Depo Transcript with Errata and Acknowledgement, # 3 Exhibit Michael Silver Highlighted Depo Transcript with Errata and Acknowledgement, # 4 Exhibit Brant Gaumer Highlighted Depo Transcript with Errata and Acknowledgement, # 5 Exhibit Lisa Brasdovich Highlighted Depo Transcript with Errata and Acknowledgement, # 6 Exhibit Dean Fangman Highlighted Depo Transcript with Errata and Acknowledgement, # 7 Exhibit Schroeder Report, # 8 Exhibit Declaration of Denise N. Martin, Ph.D.)(Mesko, Jennifer) (REMARK: Per doc. 87 docs. 63, 63−1, 63−2, 63−3, 63−4, 63−5, and 63−6 are WITHDRAWN and docs. 63−7, and 63−8 are UNSEALED on 1/9/2024). (LNJ). (Entered: 12/08/2023) |
| 12/08/2023 | 64 | | REDACTION to 63 Sealed Memorandum in Support of Motion for Leave to File Under Seal,,, by Progressive Casualty Insurance Company filed by Defendant Progressive Casualty Insurance Company. (Attachments: # 1 Exhibit Redacted Mpe Garza Depo Transcript with Errata and Acknowledgement, # 2 Exhibit Redacted Michael Silver Depo Transcript with Errata and Acknowledgement, # 3 Exhibit Redacted Brant Gaumer Depo Transcript with Errata and Acknowledgement, # 4 Exhibit Redacted Lisa Brasdovich Depo Transcript with Errata and Acknowledgement, # 5 Exhibit Redacted Dean Fangman Depo Transcript with Errata and Acknowledgement, # 6 Exhibit Redacted Schroeder Report, # 7 Exhibit Redacted Declaration of Denise N. Martin, Ph.D.)(Mesko, Jennifer) (Entered: 12/08/2023) |
| 12/11/2023 | 65 | | RESPONSE to Motion re 49 MOTION to Certify Class filed by Defendant Progressive Casualty Insurance Company. (Attachments: # 1 Exhibit Brant Gaumer Deposition Transcript, # 2 Exhibit Noe Garza Deposition Transcript, # 3 Exhibit Noe Garz Deposition Exhibit 16, # 4 Exhibit Lisa Brasdovich Deposition Transcript, # 5 Exhibit Declaration of Denise Martin, # 6 Exhibit Declaration of Jeffrey Schroeder)(Mesko, Jennifer) (REMARK: Unsealed per Order 87 on 1/8/2024). (LNJ). (Entered: 12/11/2023) |
| 12/11/2023 | 66 | | RESPONSE in Opposition re 49 MOTION to Certify Class filed by Defendant Progressive Casualty Insurance Company. (Attachments: # 1 Exhibit Lillian Vogt Deposition Transcript, # 2 Exhibit Lillian Vogt Deposition Exhibit 2, # 3 Exhibit Lillian Vogt Deposition Transcript, # 4 Exhibit Brant Gaumer Deposition Transcript, # 5 Exhibit Brant Gaumer Deposition Transcript, # 6 Exhibit Brant Gaumer Deposition Transcript, # 7 Exhibit Noe Garza Deposition Transcript, # 8 Exhibit Noe Garza Deposition Exhibit 16, # 9 Exhibit Noe Garza Deposition Exhibit 9, # 10 Exhibit Lillian Vogt Deposition Exhibit 6, # 11 Exhibit James Walden Deposition Transcript, # 12 Exhibit |

| | | |
|---|---|---|
| | | James Walden Deposition Exhibit 8, # 13 Exhibit Progressive Repair Estimate, # 14 Exhibit Llisa Brasdovich Deposition Transcript, # 15 Exhibit James Walden Deposition Exhibit 9, # 16 Exhibit Declaration of Denise Martin, # 17 Exhibit Report of James Walden, # 18 Exhibit Declaration of Jeffrey Schroeder)(Mesko, Jennifer) (Entered: 12/11/2023) |
| 12/20/2023 | 67 | ORDER: For these reasons, the Court concludes that the public's right of access outweighs Progressive's purported commercial interests. Accordingly, the Court denies both Vogt's 51 motion for leave to file under seal and Progressive's 62 motion for leave to file under seal. Pursuant to Local Rule 13.05(A)(4)(g), the Court stays this Order for 14 days. Further, in light of the Court dismissing all counts against K&B Auto, doc. 22, the Court directs the Clerk of Court to dismiss K&B Auto from the case and change the case name to Vogt v. Progressive Casualty Insurance Company. SEE ORDER FOR DETAILS. Signed by Chief District Judge Stephen R. Clark on 12/20/2023. (CLT) (Entered: 12/20/2023) |
| 12/21/2023 | 68 | REPLY to Response to Motion re 49 MOTION to Certify Class *Plaintiffs Reply in Support of her Motion For Class Certification* filed by Plaintiff Lillian Louise Morgan Vogt. (Attachments: # 1 Exhibit 1 – Deposition of Corporate Representative Noe Garza, # 2 Exhibit 2 – Progressive Website, # 3 Exhibit 3 – Deposition of James Walden, # 4 Exhibit 4 – Martin Declaration, # 5 Exhibit 5 – DOR Form 4803)(McPhail, Patrick) (Entered: 12/21/2023) |
| 12/22/2023 | 69 | SEALED MOTION *Motion to Strike and Exclude The Testimony of James Walden* by Defendant Progressive Casualty Insurance Company. (Attachments: # 1 Exhibit Expert Report of James Walden, # 2 Exhibit Rebuttal Report of James Walden, # 3 Exhibit James Walden Deposition Transcript, # 4 Exhibit Brent Gaumer Deposition Transcript, # 5 Exhibit Declaration of Denise Martin, # 6 Exhibit Expert Report of Jeffrey Schroeder, # 7 Exhibit Lillian Vogt Deposition Transcript, # 8 Exhibit Gary Vogt Deposition Transcript)(Mesko, Jennifer) (REMARK: Unsealed per Order 87 on 1/8/2024). (LNJ). (Entered: 12/22/2023) |
| 12/22/2023 | 70 | MOTION to Strike *and Exclude The Testimony of James Walden* by Defendant Progressive Casualty Insurance Company. (Attachments: # 1 Exhibit Expert Report of James Walden, # 2 Exhibit Rebuttal Report of James Walden, # 3 Exhibit James Walden Deposition Transcript, # 4 Exhibit Brent Gaumer Deposition Transcript, # 5 Exhibit Declaration of Denise Martin, # 6 Exhibit Expert Report of Jeffrey Schroeder, # 7 Exhibit Lillian Vogt Deposition Transcript, # 8 Exhibit Gary Vogt Deposition Transcript)(Mesko, Jennifer) (Entered: 12/22/2023) |
| 12/22/2023 | 71 | SEALED MOTION *Motion to Exclude the Testimony of Gary Mayberry* by Defendant Progressive Casualty Insurance Company. (Attachments: # 1 Exhibit Expert Report of Gary Mayberry, # 2 Exhibit Gary Mayberry Deposition Transcript, # 3 Exhibit Expert Report of Jeffrey Schroeder)(Mesko, Jennifer) (REMARK: Unsealed per Order 87 on 1/8/2024). (LNJ). (Entered: 12/22/2023) |
| 12/22/2023 | 72 | MOTION to Exclude the Testimony of Gary Mayberry by Defendant Progressive Casualty Insurance Company. (Attachments: # 1 Exhibit Expert Report of Gary Mayberry, # 2 Exhibit Gary Mayberry Deposition Transcript, # 3 Exhibit Expert Report of Jeffrey Schroeder)(Mesko, Jennifer) (Entered: |

| | | | |
|---|---|---|---|
| | | | 12/22/2023) |
| 12/22/2023 | 73 | | SEALED MOTION *Motion for Summary Judgment* by Defendant Progressive Casualty Insurance Company. (Attachments: # 1 Exhibit Gaumer Depo Exhibit 3, # 2 Exhibit Brent Gaumer Depo Transcript, # 3 Exhibit Declaration of Noe Garza, # 4 Exhibit Expert Report of Jeffrey Schroeder, # 5 Exhibit Vogt Depo Exhibit 3, # 6 Exhibit Noe Garza Depo Transcript, # 7 Exhibit Lisa Brasdovich Depo Transcript, # 8 Exhibit Affidavit of Abdullah Karim, # 9 Exhibit Garza Depo Exhibit 9, # 10 Exhibit Lillian Vogt Depo Transcript, # 11 Exhibit Vogt Depo Exhibit 2, # 12 Exhibit Gary Vogt Depo Transcript, # 13 Exhibit Vogt Depo Exhibit 1, # 14 Exhibit Garza Depo Exhibit 16, # 15 Exhibit Dean Fangman Depo Transcript, # 16 Exhibit Garza Depo Exhibit 20)(Mesko, Jennifer) (REMARK: Unsealed per Order 87 on 1/8/2024). (LNJ). (Entered: 12/22/2023) |
| 12/22/2023 | 74 | | MOTION for Summary Judgment by Defendant Progressive Casualty Insurance Company. (Attachments: # 1 Exhibit Brent Gaumer Depo Exhibit 3, # 2 Exhibit Brent Gaumer Depo Transcript, # 3 Exhibit Declaration of Noe Garza, # 4 Exhibit Expert Report of Jeffrey Schroeder, # 5 Exhibit Lillian Vogt Depo Exhibit 3, # 6 Exhibit Noe Garza Depo Transcript, # 7 Exhibit Lisa Brasdovich Depo Transcript, # 8 Exhibit Affidavit of Abdullah Karim, # 9 Exhibit Noe Garza Depo Exhibit 9, # 10 Exhibit Lillian Vogt Depo Transcript, # 11 Exhibit Lillian Vogt Depo Exhibit 2, # 12 Exhibit Gary Vogt Depo Transcript, # 13 Exhibit Lillian Vogt Depo Exhibit 1, # 14 Exhibit Noe Garza Depo Exhibit 16, # 15 Exhibit Dean Fangman Depo Transcript, # 16 Exhibit Noe Garza Depo Exhibit 20)(Mesko, Jennifer) (Entered: 12/22/2023) |
| 12/22/2023 | 75 | | SEALED MOTION *Statement of Uncontroverted Material Facts* by Defendant Progressive Casualty Insurance Company. (Attachments: # 1 Exhibit Brent Gaumer Depo Ex. 3, # 2 Exhibit Brent Gaumer Depo Transcript, # 3 Exhibit Declaration of Noe Garza, # 4 Exhibit Expert Report of Jeffrey Schroeder, # 5 Exhibit Lillian Vogt Depo Exhibit 3, # 6 Exhibit Noe Garza Depo Transcript, # 7 Exhibit Lisa Brasdovich Depo Transcript, # 8 Exhibit Affidavit of Abdullah Karim, # 9 Exhibit Neo Garza Depo Exhibit 9, # 10 Exhibit Lillian Vogt Depo Transcript, # 11 Exhibit Lillian Vogt Depo Exhibit 2, # 12 Exhibit Gary Vogt Depo Transcript, # 13 Exhibit Lillian Vogt Depo Exhibit 1, # 14 Exhibit Neo Garza Depo Exhibit 16, # 15 Exhibit Dean Fangman Depo Transcript, # 16 Exhibit Neo Garza Depo Exhibit 20)(Mesko, Jennifer) (REMARK: Unsealed per Order 87 on 1/8/2024). (LNJ). (Entered: 12/22/2023) |
| 12/22/2023 | 76 | | STATEMENT of Material Facts re 75 SEALED MOTION *Statement of Uncontroverted Material Facts* filed by Defendant Progressive Casualty Insurance Company. (Attachments: # 1 Exhibit Brant Gaumer Depo Exhibit 3, # 2 Exhibit Brant Gaumer Depo Transcript, # 3 Exhibit Declaration of Noe Garza, # 4 Exhibit Expert Report of Jeffrey Schroeder, # 5 Exhibit Lillian Vogt Depo Exhibit 3, # 6 Exhibit Noe Garza Depo Transcript, # 7 Exhibit Lisa Brasdovich Depo Transcript, # 8 Exhibit Affidavit of Abdullah Karim, # 9 Exhibit Neo Garza Depo Exhibit 9, # 10 Exhibit Lillian Vogt Depo Transcript, # 11 Exhibit Lillian Vogt Depo Exhibit 2, # 12 Exhibit Gary Vogt Depo Transcript, # 13 Exhibit Lillian Vogt Depo Exhibit 1, # 14 Exhibit Neo Garza Depo Exhibit 16, # 15 Exhibit Dean Fangman Depo Transcript, # 16 Exhibit Neo Garza Depo Exhibit 20)(Mesko, Jennifer) (Entered: 12/22/2023) |

| 12/22/2023 | 77 | | MOTION for Partial Summary Judgment *on the Issue of Progressive's Violation of Missouri Titling Statutes* by Plaintiff Lillian Louise Morgan Vogt. (McPhail, Patrick) (Entered: 12/22/2023) |
|---|---|---|---|
| 12/22/2023 | 78 | | STATEMENT of Material Facts re 77 MOTION for Partial Summary Judgment *on the Issue of Progressive's Violation of Missouri Titling Statutes* filed by Plaintiff Lillian Louise Morgan Vogt. (Attachments: # 1 Exhibit Progressive Documents, # 2 Exhibit Deposition of Brant Gaumer, # 3 Exhibit NMVTIS Report, # 4 Exhibit Claims Spreadsheet, # 5 Exhibit Deposition of Michael Silver, # 6 Exhibit Claims Spreadsheet Adding Column R, # 7 Exhibit Deposition of Progressive Corporate Representative Noe Garza, # 8 Exhibit Parke Progressive Affidavit, # 9 Exhibit Missouri Titling Manual, # 10 Exhibit Missouri Department of Insurance Bulletin, # 11 Exhibit Progressive's Interrogatory Responses, # 12 Exhibit DOR Bill of Sale)(McPhail, Patrick) (Exhibits 1, 4, 5 and 6 restricted to case participants at the request of plaintiff's counsel; defense counsel intends to appeal order #67 and therefore requested these documents be restricted to case participants until the Court rules the motion) Modified on 12/27/2023 (KXS). Modified on 1/30/2024; Exhibits 4 and 6 unrestricted (cover sheets). Exhibit 5 unrestricted because parties did not move for reconsideration regarding this exhibit (JAB). (Entered: 12/22/2023) |
| 12/22/2023 | 79 | | MEMORANDUM in Support of Motion re 77 MOTION for Partial Summary Judgment *on the Issue of Progressive's Violation of Missouri Titling Statutes* filed by Plaintiff Lillian Louise Morgan Vogt. (McPhail, Patrick) (Entered: 12/22/2023) |
| 12/22/2023 | 80 | | MOTION for Summary Judgment *on Progressive's Affirmative Defense of Failure to Mitigate Damages* by Plaintiff Lillian Louise Morgan Vogt. (McPhail, Patrick) (Entered: 12/22/2023) |
| 12/22/2023 | 81 | | STATEMENT of Material Facts re 80 MOTION for Summary Judgment *on Progressive's Affirmative Defense of Failure to Mitigate Damages* filed by Plaintiff Lillian Louise Morgan Vogt. (Attachments: # 1 Exhibit Deposition of Progressive Corporate Representative Noe Garza, # 2 Exhibit Progressive Website, # 3 Exhibit Deposition of Progressive Corporate Representative Michael Silver, # 4 Exhibit Progressive Disposition of Caravan, # 5 Exhibit Final Invoice, # 6 Exhibit K & B Subpoena Response, # 7 Exhibit DOR Bill of Sale, # 8 Exhibit Schroeder Report)(McPhail, Patrick) (Entered: 12/22/2023) |
| 12/22/2023 | 82 | | MEMORANDUM in Support of Motion re 80 MOTION for Summary Judgment *on Progressive's Affirmative Defense of Failure to Mitigate Damages* filed by Plaintiff Lillian Louise Morgan Vogt. (McPhail, Patrick) (Entered: 12/22/2023) |
| 01/03/2024 | 83 | | MOTION for Reconsideration re 67 Order,, *Denying Leave to Seal Exhibits* by Defendant Progressive Casualty Insurance Company. (Mesko, Jennifer) (Entered: 01/03/2024) |
| 01/03/2024 | 84 | | MOTION to Withdraw 63 Sealed Memorandum in Support of Motion for Leave to File Under Seal,,, *Exhibits* by Defendant Progressive Casualty Insurance Company. (Mesko, Jennifer) (Entered: 01/03/2024) |
| 01/05/2024 | 85 | | RESPONSE in Opposition re 70 MOTION to Strike *and Exclude The Testimony of James Walden Plaintiffs Response in Opposition to Defendant Progressives Motion to Strike and Exclude the Testimony of James Walden* |

| | | | |
|---|---|---|---|
| | | | filed by Plaintiff Lillian Louise Morgan Vogt. (Attachments: # 1 Exhibit 1 Walden CV, # 2 Exhibit 2 Deposition of James Walden, # 3 Exhibit 3 Walden Report, # 4 Exhibit 4 – Deposition of Progressive Corporate Representative Brant Gaumer, # 5 Exhibit 5 – Progressive Salvage Value Search, # 6 Exhibit 6 Declaration of Progressives Expert Denise Martin, # 7 Exhibit 7 K & B Subpoena Response, # 8 Exhibit 8 Progressive Interrogatory Response, # 9 Exhibit 9 Progressive Cost to Repair)(McPhail, Patrick) (Entered: 01/05/2024) |
| 01/05/2024 | 86 | | RESPONSE in Opposition re 72 MOTION to Exclude the Testimony of Gary Mayberry *Plaintiffs Response in Opposition to Defendant Progressives Motion to Strike and Exclude the Testimony of Gary Mayberry* filed by Plaintiff Lillian Louise Morgan Vogt. (Attachments: # 1 Exhibit 1 – Mayberry CV, # 2 Exhibit 2 – Deposition of Gary Mayberry)(McPhail, Patrick) (Entered: 01/05/2024) |
| 01/08/2024 | 87 | | ORDER: Accordingly, the Court grants Progressive's 83 Motion for Reconsideration. Further, the Court grants Progressive's 84 Motion to Withdraw, and the Court directs the Clerk of Court to remove Progressive's memorandum in support of sealing and exhibits AF from the docket: docs. 63 , 63–1, 63–2, 63–3, 63–4, 63–5, and 63–6. Pursuant to Local Rule 13.05(A)(4)(g), the Court directs the Clerk of Court to unseal docs. 54 , 54–2, 54–3, 54–4, 63–7, and 63–8, and to unseal the following and their corresponding exhibits: docs. 59 , 65 , 69 , 71 , 73 , and 75 . (SEE ORDER FOR DETAILS.) (Response to Court due by 1/12/2024.) Signed by Chief District Judge Stephen R. Clark on 1/8/2024. (LNJ) (Entered: 01/08/2024) |
| 01/08/2024 | 88 | | NOTICE Filing Redacted Copy of Doc. 54–1 and 78–1: by Plaintiff Lillian Louise Morgan Vogt re 87 Order,, (Attachments: # 1 Attachment Redacted Replacement for Doc. 54–1)(McPhail, Patrick) Modified on 1/29/2024; added doc #78–1 (JAB). (Entered: 01/08/2024) |
| 01/08/2024 | 89 | | Exhibit Receipt by Plaintiff Lillian Louise Morgan Vogt. (LNJ) (Entered: 01/09/2024) |
| 01/09/2024 | 90 | | NOTICE of Filing Exhibit with the Clerk's Office by Plaintiff Lillian Louise Morgan Vogt re 87 Order,, : (McPhail, Patrick) (Entered: 01/09/2024) |
| 01/12/2024 | 91 | | RESPONSE to Statement of Material Facts re 78 Statement of Material Facts,,,, filed by Defendant Progressive Casualty Insurance Company. (Attachments: # 1 Exhibit B. Gaumer Deposition Transcript, # 2 Exhibit N. Garza Deposition Transcript, # 3 Exhibit B. Gaumer Declaration, # 4 Exhibit L. Brasdovich Deposition Transcript, # 5 Exhibit J. Schroeder Declaration, # 6 Exhibit Second Affidavit of Kimmel, # 7 Exhibit PROGRESSIVE–VOGT000145 Missouri Salvage Routing Form, # 8 Exhibit PROGRESSIVE–VOGT000159 Title Transmittal, # 9 Exhibit D. Martin Declaration, # 10 Exhibit J. Walden Deposition Transcript, # 11 Exhibit N. Garza Deposition Exhibit 16, # 12 Exhibit J. Silver Deposition Transcript, # 13 Exhibit Bulletin 15–01 Inoperative and Obsolete Bulletins)(Mesko, Jennifer) (Entered: 01/12/2024) |
| 01/12/2024 | 92 | | Docket Text ORDER: Previously, the Court permitted the parties to redact the junk–title definition from Progressive's internal titling guidelines. Doc. 87 . And the Court ordered the parties to submit a redacted version of doc. 54–1, which contained the definition. Id. Now, it has come to the Court's attention |

| | | | |
|---|---|---|---|
| | | | that three other documents contain the junk–title definition. See docs. 65–3, 73–14, 75–14. To fully effectuate the Courts previous order, doc. 87, the parties have submitted redacted versions of these documents. As such, the Court orders the Clerk of Court to file the redacted versions of docs. 65–3, 73–14, and 75–14, and to reseal docs. 65–3, 73–14, and 75–14. Signed by Chief District Judge Stephen R. Clark on 1/12/2024. (LNJ) (Entered: 01/12/2024) |
| 01/12/2024 | 93 | | RESPONSE in Opposition re 77 MOTION for Partial Summary Judgment *on the Issue of Progressive's Violation of Missouri Titling Statutes* filed by Defendant Progressive Casualty Insurance Company. (Attachments: # 1 Exhibit J. Mesko Declaration)(Mesko, Jennifer) (Entered: 01/12/2024) |
| 01/12/2024 | 94 | | REDACTION to [65–3] Exhibit Noe Garz Deposition Exhibit 16 by Progressive Casualty Insurance Company. (JAB) (Entered: 01/12/2024) |
| 01/12/2024 | 95 | | RESPONSE to Statement of Material Facts re 81 Statement of Material Facts,, filed by Defendant Progressive Casualty Insurance Company. (Attachments: # 1 Exhibit J. Mesko Declaration, # 2 Exhibit N. Garza Deposition Transcript, # 3 Exhibit B. Gaumer Declaration, # 4 Exhibit J. Silver Deposition Transcript, # 5 Exhibit J. Schroeder Declaration, # 6 Exhibit L. Brasdovich Deposition Transcript, # 7 Exhibit B. Gaumer Deposition Transcript, # 8 Exhibit D. Martin Declaration, # 9 Exhibit PROGRESSIVE–VOGT000163–000163 Estimate S1, # 10 Exhibit PROGRESSIVE–VOGT000001–000008)(Mesko, Jennifer) (Entered: 01/12/2024) |
| 01/12/2024 | 96 | | REDACTION to [73–14] Exhibit Garza Depo Exhibit 16 by Progressive Casualty Insurance Company. (JAB) (Entered: 01/12/2024) |
| 01/12/2024 | 97 | | REDACTION to [75–14] Exhibit Neo Garza Depo Exhibit 16 by Progressive Casualty Insurance Company. (JAB) (Entered: 01/12/2024) |
| 01/12/2024 | 98 | | RESPONSE in Opposition re 80 MOTION for Summary Judgment *on Progressive's Affirmative Defense of Failure to Mitigate Damages* filed by Defendant Progressive Casualty Insurance Company. (Attachments: # 1 Exhibit L. Vogt Deposition Transcript, # 2 Exhibit J. Walden Deposition Transcript, # 3 Exhibit J. Walden Depo Exhibit 3, # 4 Exhibit J. Walden Depo Exhibit 5, # 5 Exhibit D. Martin Declaration, # 6 Exhibit Progressive Estimate, # 7 Exhibit L. Vogt Depo Exhibit 4, # 8 Exhibit J. Mesko Declaration)(Mesko, Jennifer) (Entered: 01/12/2024) |
| 01/12/2024 | 99 | | **WITHDRAWN per doc. 108** STATEMENT of Material Facts re 74 MOTION for Summary Judgment filed by Plaintiff Lillian Louise Morgan Vogt. (Attachments: # 1 Exhibit 1 – Deposition of Dean Fangman, # 2 Exhibit 2 – Carfax Report, # 3 Exhibit 3 – PROGRESSIVE–VOGT002954, # 4 Exhibit 4 – PROGRESSIVE–VOGT003247, # 5 Exhibit 5 – PROGRESSIVE–VOGT0002594–95, # 6 Exhibit 6 – Deposition of Noe Garza, # 7 Exhibit 7 – PROGRESSIVE–VOGT002550–51, # 8 Exhibit 8 – PROGRESSIVE–VOGT003238–39)(McPhail, Patrick) Modified on 1/18/2024 (CLT). (Entered: 01/12/2024) |
| 01/12/2024 | 100 | | MEMORANDUM in Opposition re 74 MOTION for Summary Judgment *Plaintiff's Memorandum in Opposition to Progressive's Motion for Summary Judgment* filed by Plaintiff Lillian Louise Morgan Vogt. (McPhail, Patrick) (Entered: 01/12/2024) |

| 01/12/2024 | 101 | | STATEMENT of Material Facts re 74 MOTION for Summary Judgment *Plaintiff's Statement of Additional Material Facts in Opposition to Progressive's Motion for Summary Judgment* filed by Plaintiff Lillian Louise Morgan Vogt. (Attachments: # 1 Exhibit 1 – Deposition of Dean Fangman, # 2 Exhibit 2 – Carfax Report, # 3 Exhibit 3 – PROGRESSIVE–VOGT002954, # 4 Exhibit 4 – PROGRESSIVE–VOGT003247, # 5 Exhibit 5 – PROGRESSIVE–VOGT0002594–95, # 6 Exhibit 6 – Deposition of Noe Garza, # 7 Exhibit 7 – PROGRESSIVE–VOGT002550–51, # 8 Exhibit 8 – PROGRESSIVE–VOGT003238–39)(McPhail, Patrick) (Entered: 01/12/2024) |
|---|---|---|---|
| 01/12/2024 | 102 | | RESPONSE to Statement of Material Facts re 76 Statement of Material Facts,,, *Plaintiff's Response to Statement of Material Facts* filed by Plaintiff Lillian Louise Morgan Vogt. (Attachments: # 1 Exhibit 1 – Progressive Documents, # 2 Exhibit 2 – Testimony of Progressive Corporate Rep Michael Silver, # 3 Exhibit 3 – Deposition of Dean Fangman, # 4 Exhibit 4 – PROGRESSIVE–VOGT003247)(McPhail, Patrick) (Entered: 01/12/2024) |
| 01/16/2024 | 103 | | REPLY to Response to Motion re 72 MOTION to Exclude the Testimony of Gary Mayberry filed by Defendant Progressive Casualty Insurance Company. (Attachments: # 1 Exhibit G. Mayberry Deposition Transcript)(Mesko, Jennifer) (Entered: 01/16/2024) |
| 01/16/2024 | 104 | | ORDER REFERRING CASE to Alternative Dispute Resolution. This case is referred to: Mediation. Designation of Lead Counsel: Kevin M. Carnie. SEE ORDER FOR DETAILS. (ADR Completion Deadline due by 4/1/2024. ADR Compliance Report Deadline due by 4/15/2024. Designation of Neutral/Conference Report due by 2/6/2024.) Signed by Chief District Judge Stephen R. Clark on 1/16/2024. (CLT) (Entered: 01/16/2024) |
| 01/16/2024 | 105 | | REPLY to Response to Motion re 70 MOTION to Strike *and Exclude The Testimony of James Walden* filed by Defendant Progressive Casualty Insurance Company. (Attachments: # 1 Exhibit J. Walden Deposition Transcript, # 2 Exhibit J. Walden Deposition Exhibit 3, # 3 Exhibit J. Walden Deposition Exhibit 4)(Mesko, Jennifer) (Entered: 01/16/2024) |
| 01/17/2024 | 106 | | MOTION to Withdraw 99 Statement of Material Facts,, by Plaintiff Lillian Louise Morgan Vogt. (McPhail, Patrick) (Entered: 01/17/2024) |
| 01/17/2024 | 107 | | MEMORANDUM in Support of Motion re 106 MOTION to Withdraw 99 Statement of Material Facts,, filed by Plaintiff Lillian Louise Morgan Vogt. (McPhail, Patrick) (Entered: 01/17/2024) |
| 01/18/2024 | 108 | | Docket Text ORDER: The Court grants Vogt's 106 Motion to Withdraw Vogt's 99 Statement of Material Facts. Signed by Chief District Judge Stephen R. Clark on 1/18/2024. (CLT) (Entered: 01/18/2024) |
| 01/22/2024 | 109 | | REPLY to Response to Motion re 80 MOTION for Summary Judgment *on Progressive's Affirmative Defense of Failure to Mitigate Damages Plaintiff's Reply in Support of Her Motion for Summary Judgment on Progressive's Affirmative Defense of Failure to Mitigate Damages* filed by Plaintiff Lillian Louise Morgan Vogt. (McPhail, Patrick) (Entered: 01/22/2024) |
| 01/22/2024 | 110 | | REPLY to Response to Motion re 77 MOTION for Partial Summary Judgment *on the Issue of Progressive's Violation of Missouri Titling Statutes Plaintiff's Reply in Support of Her Motion for Partial Summary Judgment on the Issue of* |

| | | | |
|---|---|---|---|
| | | | *Progressive's Violation of Missouri Titling Statutes* filed by Plaintiff Lillian Louise Morgan Vogt. (Attachments: # 1 Exhibit 1 – 1982 Supplement to 1978 Statutes, # 2 Exhibit 2 – 1983 Supplement)(McPhail, Patrick) (Entered: 01/22/2024) |
| 01/22/2024 | 111 | | ––DOCUMENT DELETED DUE TO FILING ERROR. SEE DOC # 112 FOR CORRECTED FILING––STATEMENT of Material Facts re 80 MOTION for Summary Judgment *on Progressive's Affirmative Defense of Failure to Mitigate Damages* filed by Defendant Progressive Casualty Insurance Company. (Mesko, Jennifer) Modified on 1/23/2024 (JAB). (Entered: 01/22/2024) |
| 01/22/2024 | 112 | | RESPONSE to Statement of Material Facts re 101 Statement of Material Facts filed by Defendant Progressive Casualty Insurance Company. (Mesko, Jennifer) Modified on 1/24/2024; corrected document link. Main Document 112 replaced on 1/24/2024 to separate main document and exhibits (JAB). (Additional attachment(s) added on 1/24/2024: # 1 Exhibit A– Fangman Transcript, # 2 Exhibit B– Garza Transcript, # 3 Exhibit C– Brasdovich Transcript, # 4 Exhibit D– Garza Declaration, # 5 Exhibit E– Gaumer Transcript) (JAB). (Entered: 01/22/2024) |
| 01/22/2024 | 113 | | MEMORANDUM in Support of Motion re 74 MOTION for Summary Judgment filed by Defendant Progressive Casualty Insurance Company. (Mesko, Jennifer) (Entered: 01/22/2024) |
| 02/02/2024 | 114 | | Designation of Neutral by parties and ADR Conference Report by Plaintiff Lillian Louise Morgan Vogt Neutral: Winters, Bradley A. Date of Conference: 03/18/2024 time: 9:00 am Location: Zoom Videoconference(Carnie, Kevin) (Entered: 02/02/2024) |
| 02/05/2024 | 115 | | NOTICE of Appointment of Neutral. Neutral name: Winters, Bradley A. Neutral selected by parties(LNJ) (cc: Neutral via email). (Entered: 02/05/2024) |
| 03/06/2024 | 116 | | Docket Text ORDER: The Court orders the parties to review and comply with the undersigned's Judge's Requirements, located on the Eastern District of Missouri's court website: Chief Judge Stephen R. Clark's Requirements. The undersigned periodically updates his Judge's Requirements, and the parties must ensure that they are complying with the most recent version before filing any document. Failure to comply with the requirements may result in the imposition of "sanction[s] or other disadvantage." Fed. R. Civ. P. 83(b). Signed by Chief District Judge Stephen R. Clark on 3/6/2024. (KXS) (Entered: 03/06/2024) |
| 03/14/2024 | 117 | | MEMORANDUM AND ORDER: Accordingly, the Court denies Vogts 49 Motion to Certify Class. (SEE ORDER FOR ADDITIONAL DETAILS). Signed by Chief District Judge Stephen R. Clark on 3/14/2024. (CLL) Modified text on 3/15/2024 (LNJ). (Entered: 03/14/2024) |
| 03/25/2024 | 118 | | ADR COMPLIANCE REPORT Neutral: Winters, Bradley A.. Date of Conference: 3/18/2024. The parties participated in good faith. The parties did not achieve a settlement.(CLT) (Entered: 03/27/2024) |
| 03/28/2024 | 119 | | Consent MOTION to Stay *Plaintiff's Consent Motion to Stay All Proceedings* by Plaintiff Lillian Louise Morgan Vogt. (McPhail, Patrick) (Entered: 03/28/2024) |

| 03/28/2024 | 120 | | MEMORANDUM in Support of Motion re 119 Consent MOTION to Stay *Plaintiff's Consent Motion to Stay All Proceedings Plaintiff's Memorandum in Support of Her Consent Motion to Stay All Proceedings* filed by Plaintiff Lillian Louise Morgan Vogt. (McPhail, Patrick) (Entered: 03/28/2024) |
|---|---|---|---|
| 03/29/2024 | 121 | | ORDER: Accordingly, the Court grants Vogt's 119 Motion to Stay All Proceedings, and the Court stays this case until the earlier of the Eighth Circuits denying the petition or issuing a mandate. The parties must continue to comply with all further orders of the Court and promptly notify the Court of any development that may affect the stay of this case. Signed by Chief District Judge Stephen R. Clark on 3/29/24. (JAB) Corrected filing date on 4/1/2024 (LNJ). (Entered: 03/29/2024) |
| 03/29/2024 | 122 | | PETITION for permission to appeal under FRCvP 23(f) (Electronic) filed by Petitioner Lillian Louis Morgan Vogt, w/service 03/28/2024. USCA Appeal #: 24–8003 (LNJ) (Entered: 03/29/2024) |
| 04/16/2024 | 123 | | ORDER of USCA: The motion for leave to file a reply in support of petitioner's petition for permission to appeal pursuant to FRCvP 23(f) is granted. USCA Appeal #: 24–8003. (LNJ) (Entered: 04/16/2024) |
| 04/16/2024 | 124 | | REPLY In Support of Petition for Permission to Appeal Under Federal Rule of Civil Procedure 23(f) by Plaintiff Lillian Louise Morgan Vogt. USCA Appeal #: 24–8003. (LNJ) (Entered: 04/16/2024) |

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LILLIAN LOUISE MORGAN VOGT,<br>individually and as the representative of<br>a class of similarly situated persons,<br><br>      Plaintiff,<br><br>      v.<br><br>PROGRESSIVE CASUALTY<br>INSURANCE COMPANY,<br><br>      Defendant. | )<br>)<br>)<br>)<br>)<br>)    Case No. 4:22-cv-00385-SRC<br>)<br>)<br>)<br>)<br>) |

## **Memorandum and Order**

After purchasing a used minivan, Plaintiff Lillian Vogt learned that the minivan had been totaled in an accident just four months before.  Believing Defendant Progressive Casualty Insurance Company concealed the damage to the minivan, Vogt filed suit in state court, and Progressive removed the case to this Court.  Now, Vogt seeks to certify a class of others allegedly harmed by Progressive.

## I.     **Background**

Vogt alleges the following.  In June 2020, a 2014 Dodge Caravan, insured by Progressive, incurred damage in a collision.  Doc. 50 at 8–9.[1]  After, Progressive declared the minivan a total loss and purchased it for salvage.  Doc. 7 at ¶¶ 11–13.  Progressive then instructed its salvage vendor to obtain a clean title for the minivan and sold it to K&B Auto.  Doc. 50 at 9.  Four months later, Vogt purchased the minivan from K&B.  Doc. 7 at ¶ 6.  During the sale, K&B touted the minivan's clean title multiple times.  Doc. 50 at 9–10.  But after the

---

[1] The Court cites to page numbers as assigned by CM/ECF.

purchase, the minivan did "not perform[] as expected," so Vogt had it evaluated and learned that it had been involved in a crash in June 2020.  Doc. 7 at ¶¶ 9–11.

Believing Progressive "duped" her and violated Missouri titling statutes, Vogt sued Progressive in multiple counts.  Doc. 50 at 10; *see* doc. 7.  After, the Court granted Progressive's motion to dismiss certain claims, and now, four claims remain:  fraudulent misrepresentation, negligent misrepresentation, negligence, and negligence per se.  Docs. 7, 23.  Further, believing Progressive similarly duped others, Vogt now seeks class certification.  Doc. 50 at 10; doc. 49.

## II.    Standard

"The class action is 'an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only.'"  *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 348 (2011) (quoting *Califano v. Yamasaki*, 442 U.S. 682, 700–701 (1979)).  As such, "[a] party seeking class certification 'must affirmatively demonstrate his compliance' with [Federal] Rule [of Civil Procedure] 23."  *Hudock v. LG Elecs. U.S.A., Inc.*, 12 F.4th 773, 775 (8th Cir. 2021) (quoting *Comcast Corp. v. Behrend*, 569 U.S. 27, 33 (2013)).  Rule 23 requires the satisfaction of two prongs.  *See* Fed. R. Civ. P. 23.  First, a plaintiff must satisfy the "four threshold requirements" of Rule 23(a), *Avritt v. Reliastar Life Ins. Co.*, 615 F.3d 1023, 1029 (8th Cir. 2010):

> (1) the class is so numerous that joinder of all members is impracticable;
>
> (2) there are questions of law or fact common to the class;
>
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
>
> (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

Second, the plaintiff must "establish that the class fits within one of three types of class actions listed in Rule 23(b)." *Avritt*, 615 F.3d at 1029. Under the first type, a class action may be maintained if separate actions might adversely affect class members or the opposing party. Fed. R. Civ. P. 23(b)(1). Under the second, a class action may be maintained if "the party opposing the class has acted or refused to act on grounds apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2). And under the third, a class may be maintained if "the questions of law or fact common to class members predominate over any questions affecting only individual members, and . . . a class action is superior to other available methods" of adjudication. Fed. R. Civ. P. 23(b)(3).

"Rule 23 does not set forth a mere pleading standard." *Wal-Mart*, 564 U.S. at 350. The party seeking certification "must be prepared to prove that there are *in fact* sufficiently numerous parties, common questions of law or fact, etc." *Id.* (emphasis in original). Additionally, the party must "satisfy through evidentiary proof at least one of the provisions of Rule 23(b)." *Comcast*, 569 U.S. at 33. To assess the party's motion, the Court must perform a "rigorous analysis," which "will frequently entail 'overlap with the merits of the plaintiff's underlying claim.'" *Id.* at 33–34 (quoting *Wal-Mart*, 564 U.S. at 350–51); *see also Amgen Inc. v. Connecticut Ret. Plans & Tr. Funds*, 568 U.S. 455, 466 (2013) ("Merits questions may be considered to the extent—but only to the extent—that they are relevant to determining whether the Rule 23 prerequisites for class certification are satisfied." (citing *Wal-Mart*, 564 U.S. at 351 n.6)).

### III.    Analysis

Arguing that Progressive violated Missouri titling law and harmed numerous car purchasers, Vogt seeks certification of two classes.  Doc. 50 at 7–11.  Both classes pertain to Missouri's definition of "salvage vehicle."  *Id*. at 11 (citing Mo. Rev. Stat. § 301.010(55)(a), (c)).  First, the "55(c)" class consists of "[a]ll individuals who purchased and currently own a vehicle which Progressive had previously declared salvage as a result of settlement of a claim but for which Progressive obtained a clean title."  *Id*. at 11 (citing Mo. Rev. Stat. § 303.010(55)(c)).  Second, the "55(a)" class consists of:

> All individuals who purchased and currently own a vehicle previously sold by Progressive which was damaged during a year that is no more than six years after the manufacturer's model year designation for such vehicle to the extent that the total cost of repairs to rebuild or reconstruct the vehicle to its condition immediately before it was damaged for legal operation on the roads or highways exceeds eighty percent of the fair market value of the vehicle immediately preceding the time it was damaged but for which Progressive obtained a clean title.

*Id*. (citing Mo. Rev. Stat. § 301.010(55)(a)).[2]

In everything-but-the-kitchen-sink fashion, Progressive argues the Court should deny class certification.  Doc. 65 at 7–31.  Finding that Vogt fails to satisfy Rule 23(b), the Court need not address all of Progressive's arguments.  For the purposes of this analysis, the Court assumes that Vogt satisfies the prerequisites of Rule 23(a), and thus analyzes only whether Vogt satisfies Rule 23(b).  *See Avritt*, 615 F.3d at 1029 (assuming plaintiffs satisfied Rule 23(a) and then focusing on Rule 23(b)).

Initially, Vogt argued that her proposed classes satisfy both Rule 23(b)(2) and 23(b)(3).  Doc. 50 at 15–20.  But now, she concedes that 23(b)(2) does not apply here.  Doc. 68 at 13

---

[2] Progressive refers to the 55(c) class as the 54(c) class and the 55(a) class as the 54(a) class because when Vogt filed suit on January 6, 2021, section 301.010(54) contained the relevant the salvage-vehicle definition.  Doc. 65 at 8 n.2.  Due to statutory amendments that did not affect the text of the subsections at issue here, section 301.010(55) now contains the definition.

("Plaintiff Concedes All Declaratory Relief Claims Have Been Dismissed").  Thus, the parties

now dispute only Vogt's satisfaction of 23(b)(3).  *See* doc. 65 at 24–29; doc. 68 at 13–14.

Under Rule 23(b)(3), "[a] class action may be maintained . . . if . . . the court finds that

the questions of law or fact common to class members predominate over any questions affecting

only individual members, and that a class action is superior to other available methods for fairly

and efficiently adjudicating the controversy."  The predominance requirement of Rule 23(b)(3)

"is 'demanding'; a court considering certification pursuant to Rule 23(b)(3) must take a 'close

look at whether common questions predominate over individual ones.'"  *Hudock*, 12 F.4th at 776

(quoting *Comcast*, 569 U.S. at 34).

To distinguish a common question from an individual question, the Court assesses the

evidence needed for a prima facie showing.  *Avritt*, 615 F.3d at 1029 (citing *Blades v. Monsanto

Co.*, 400 F.3d 562, 566 (8th Cir. 2005)).  If the same evidence suffices, the question is common.

*Id*. (quoting *Blades*, 400 F.3d at 566).  But if "members of a proposed class will need to present

evidence that varies from member to member," then the question is individual.  *Id*. (quoting

*Blades*, 400 F.3d at 566).  In making this determination, the Court "must undertake a 'rigorous

analysis' that includes examination of what the parties would be required to prove at trial."  *Id*.

(citing *Elizabeth M. v. Montenez*, 458 F.3d 779, 786 (8th Cir. 2006)).  "[H]owever, the court

must look only so far as to determine whether, given the factual setting of the case, if the

plaintiff[']s general allegations are true, common evidence could suffice to make out a prima

facie case for the class."  *Blades*, 400 F.3d at 566–67 (citations omitted).

Vogt has four remaining claims against Progressive:  fraudulent misrepresentation,

negligent misrepresentation, negligence, and negligence per se.  Docs. 7, 23.  In her motion for

class certification, Vogt asserts that she meets the predominance requirement because "the

question of Progressive's liability turns entirely on the evidence supplied in a single spreadsheet that proves liability for every member of the class." Doc. 50 at 17. But she fails to explain how this evidence amounts to a prima facie showing of fraudulent misrepresentation, negligent misrepresentation, negligence, or negligence per se. *See id.* at 16–19. As explained below, the Court finds that Vogt's theory of liability cannot be supported "solely with reference to class-wide proof." *Avritt*, 615 F.3d at 1029.

### A.    Misrepresentation claims

Vogt first seeks to find Progressive liable for fraudulent and negligent misrepresentation. Relying upon *Parke v. Progressive Casualty Ins. Co.*, Vogt summarizes her misrepresentation claims:  "[Vogt's] claims are that Progressive failed to disclose the Caravan was, in fact, a mistitled salvage vehicle." Doc. 100 at 10 (citing *Parke*, 613 S.W.3d 428, 431 (Mo. Ct. App. 2020)). Specifically, she alleges Progressive failed to comply with the salvage statutes; this led to downstream sellers selling mistitled vehicles; the title history remained undisclosed; and Vogt ended up with a mistitled vehicle. *Id.* at 2–3 (citing *Parke*, 613 S.W.3d at 433).

While Vogt correctly identifies *Parke* as a relevant case, she overstates its ability to resolve her claim. *Parke* establishes that the titling statutes impose a "duty to disclose"—one element of fraudulent misrepresentation—but it does not resolve every element of fraudulent misrepresentation. *See Parke*, 613 S.W.3d at 432 ("To make a submissible claim of fraudulent non-disclosure, Parke had to prove, *inter alia*, Progressive remained knowingly silent about something it had a duty to disclose."  (citing *Hess v. Chase Manhattan Bank, USA, N.A.*, 220 S.W.3d 758, 765 (Mo. 2007))).

Contrary to Vogt's theory, "[i]t is well recognized that fraud is not presumed, but must be proved, and the burden rests upon the party charging the fraud." *Orlann v. Laederich*, 92 S.W.2d

190, 194 (Mo. 1936).  But "because fraud is rarely susceptible of positive proof, a plaintiff may prove his case by circumstantial evidence."  *Pro. Laundry Mgmt. Sys., Inc. v. Aquatic Techs., Inc.*, 109 S.W.3d 200, 206 (Mo. Ct. App. 2003) (citations omitted).  Such circumstantial evidence "must rise above mere suspicion and point logically and convincingly" to the conclusion of fraud.  *Id.* (citations omitted).

For both misrepresentation claims, Vogt must prove multiple elements—including reliance and the right to rely.  *See Hess*, 220 S.W.3d at 765 ("In order to make a submissible case of fraudulent misrepresentation, a plaintiff must prove . . . the hearer's reliance on the representation being true [and] the hearer's right to rely thereon . . . ." (citing *Heberer v. Shell Oil Co.*, 744 S.W.2d 441, 443 (Mo. 1988))); *see also Renaissance Leasing, LLC v. Vermeer Mfg. Co.*, 322 S.W.3d 112, 134 (Mo. 2010) (requiring "the hearer [to] justifiably rel[y] on the information" for negligent misrepresentation (citation omitted)).  Further, "[a] plaintiff's failure to establish any one of the essential elements of fraud is fatal to recovery."  *Id.* at 132 (citing *Verni v. Cleveland Chiropractic Coll.*, 212 S.W.3d 150, 154 (Mo. 2007)).

Further, Vogt must prove the reliance "to be reasonable."  *Trimble v. Pracna*, 167 S.W.3d 706, 712 (Mo. 2005) (citation omitted).  Vogt "can recover for fraud only if she was justified, under the circumstances . . . , in relying upon the misrepresentations that [are] the basis of her fraud claim."  *Id.* (citation omitted).  As such, the *Missouri Approved Jury Instructions* for both fraudulent and negligent misrepresentation require the jury to find reasonable reliance.  *See Missouri Approved Jury Instructions* § 23.05 (8th ed. 2020) ("plaintiff relied on the representation . . . , and such reliance was reasonable under the circumstances"); *see id.* at § 31.26 ("plaintiff relied on such representation . . . and such reliance was reasonable under the circumstances").

In addressing commonality, the parties dispute whether Vogt can prove reliance with common proof.  *See* doc. 68 at 11; doc. 65 at 19.  For this analysis, the Court begins with Vogt's general allegations*, see Blades*, 400 F.3d at 566, and then turns to Progressive's "evidence negating a . . . direct or circumstantial showing of . . . reliance," *In re St. Jude Med., Inc.*, 522 F.3d 836, 840 (8th Cir. 2008); *see also Comcast*, 569 U.S. at 34 ("By refusing to entertain [defendant's] arguments . . . that bore on the propriety of class certification, simply because those arguments would also be pertinent to the merits determination, the [court] ran afoul of [Supreme Court] precedents requiring precisely that inquiry.").  Vogt asserts that "reliance is proved in every case based on the admissions of Progressive that it's not cost effective to repair the vehicle."  Doc. 68 at 11.  Because "[a]n ordinary consumer would not purchase a vehicle that Progressive had already determined was not worth the cost of repair," she explains, "the purchase alone is reliance."  *Id*.  Progressive rejects Vogt's argument, asserting that "proving reliance with common proof on a class[-]wide basis in a case like this is nearly impossible." Doc. 65 at 19 (citing *St. Jude*, 522 F.3d at 838).

Further, Progressive presents evidence potentially negating Vogt's showing of reliance— and right to rely.  *See* doc. 65 at 9 (showing Vogt's failure to inspect the minivan or obtain a CARFAX report before purchase); *id.* at 10–11 (showing Vogt experienced problems with the minivan during her test drive); *id.* at 11 (again showing Vogt's lack of investigation).  Also, in its summary-judgment motion, Progressive presents additional evidence.  *See* doc. 102 at ¶ 32 (Vogt admits she does not know Missouri's title definitions, and she does not know if she previously saw the minivan's title); *id.* at ¶¶ 21–22 (Vogt admits to previously purchasing "[a] lot" of used vehicles and looking at vehicle history reports during these purchases:  "that's one of the things . . . that you look at to make sure that you're getting what you say.").

Missouri and Eighth Circuit caselaw do not support Vogt's argument to the effect that the purchase of a mistitled vehicle, by itself, proves reliance.  As noted, a plaintiff alleging fraud bears the burden of proving fraud.  *Orlann*, 92 S.W.2d at 194.  And while a plaintiff may prove fraud by circumstantial evidence, that evidence must clear a high bar.  *See Pro. Laundry,* 109 S.W.3d at 206 (stating that circumstantial evidence "must rise above mere suspicion and point logically and convincingly" to the conclusion of fraud (citations omitted)).

Vogt points to no case in which purchase alone proves reliance.  Vogt's allegation may give rise to a suspicion of fraud, but Vogt fails to provide circumstantial evidence "logically and convincingly" pointing to fraud.  *Id.*  Because fraud is not presumed, *Orlann*, 92 S.W.2d at 194, and a plaintiff must establish all elements of fraud, *Renaissance Leasing*, 322 S.W.3d at 134, the Court questions if Vogt sufficiently alleges misrepresentation on an individual basis.  And if purchase alone fails to establish Vogt's individual-misrepresentation claims, it also fails as common proof establishing the class-misrepresentation claims.  But, to avoid a "free-ranging merits" inquiry, the Court will not resolve the issue here.  *See Amgen*, 568 U.S. at 466 (citing *Wal-Mart*, 564 U.S. at 351 n.6).

On multiple occasions, the Eighth Circuit has observed that "fraud cases often are unsuitable for class treatment."  *St. Jude*, 522 F.3d at 838 (citing Fed. R. Civ. P. 23(b)(3) advisory committee's note to 1966 amendment); *Hudock*, 12 F.4th at 776 (citing *St. Jude*, 522 F.3d at 838) (same); *see also Darms v. McCulloch Oil Corp.*, 720 F.2d 490, 493 (8th Cir. 1983) (upholding denial of class certification for fraud and misrepresentation in part because of the "divergent degrees of reliance").  Vogt tries to distinguish this Eighth Circuit precedent by emphasizing that this case involves fraudulent nondisclosure rather than a stated misrepresentation.  Doc. 68 at 9–10.  But fraudulent nondisclosure differs from a fraudulent

9

misrepresentation only in that "a party's silence in the face of a legal duty to speak replaces the first element:  the existence of a representation."  *Hess*, 220 S.W.3d at 765.  The party must still prove the remaining elements of fraudulent misrepresentation, including reliance and the right to rely.  *Id.*

Establishing reliance and right to rely remains a hurdle for class-wide proof.  *See* Fed. R. Civ. P. 23(b)(3) advisory committee's note to 1966 amendment ("[A]lthough having some common core, a fraud case may be unsuited for treatment as a class action if there was material variation in the representation made *or in the kinds or degrees of reliance by the persons to whom they were addressed*." (citations omitted) (emphasis added)); *see also Amgen*, 568 U.S. at 462–63 ("Absent [a securities-fraud presumption], the requirement that . . . plaintiffs establish reliance would ordinarily preclude certification of a class action seeking money damages because individual reliance issues would overwhelm questions common to the class." (citing *Basic Inc. v. Levinson*, 485 U.S. 224, 242 (1988))).  As Progressive points out, "[e]very used car sale . . . is unique."  Doc. 65 at 21.  And just as Progressive provides evidence undermining Vogt's reliance and right to rely, *see id.* at 9–11, it may be able to provide evidence attacking other proposed class members' reliance and right to rely.

Because of this, the jury will have to consider the varied circumstances of each class member's purchase in determining Progressive's liability:  the details of each transaction; what each purchaser knew, or could with reasonable diligence have known, about the vehicle; what representations the seller did or did not make regarding the vehicle's history or title; each class member's separate "ignorance [or lack thereof] of the falsity of the representation[,]" *Renaissance Leasing*, 322 S.W.3d at 131–32 (citation omitted); and the like.  Thus, for a prima facie showing on the elements of fraud, including ignorance of falsity, reliance, and right to rely,

members will need to present individualized evidence that varies from member to member—and the same goes for negligent misrepresentation.  *Avritt*, 615 F.3d at 1029 (quoting *Blades*, 400 F.3d at 566).  And these "plaintiff-by-plaintiff determinations mean[] that common issues will not predominate the inquiry" into Progressive's liability.  *St. Jude*, 522 F.3d at 840; *see also Luiken v. Domino's Pizza, LLC*, 705 F.3d 370, 374 ("[The Eighth Circuit] has previously rejected certification of classes where trial would require considering varied circumstances." (first citing *St. Jude*, 522 F.3d at 838–42 and then citing *Darms*, 720 F.2d at 493)).  As such, the Court finds that individual questions predominate over common questions and denies class certification for the fraudulent- and negligent-misrepresentation claims.

### B.    Negligence claims

Vogt also seeks to find Progressive liable for negligence and negligence per se.  For both negligence claims, Vogt must prove multiple elements—including causation.  *See Hoover's Dairy, Inc. v. Mid-Am. Dairymen, Inc./Special Prods., Inc.*, 700 S.W.2d 426, 431 (Mo. 1985) (requiring plaintiff establish "a proximate cause between the conduct and the resulting injury" for negligence action (citing William Lloyd Prosser & W. Page Keeton, *Prosser and Keeton on Torts* § 30 (5th ed. 1984))); *see also J.J.'s Bar & Grill, Inc. v. Time Warner Cable Midwest, LLC*, 539 S.W.3d 849, 868–69 (Mo. Ct. App. 2017) ("[T]o establish a claim for negligence per se . . . the violation of the statute or ordinance must be the proximate cause of the injury." (citing *Lowdermilk v. Vescovo Bldg. and Realty Co., Inc.*, 91 S.W.3d 617, 628 (Mo. Ct. App. 2003))).  Further, "[t]o make a prima facie showing of causation, [the] plaintiff must show the defendant's negligent conduct more probably than not was the cause of the injury."  *Coggins v. Laclede Gas Co.*, 37 S.W.3d 335, 339 (Mo. Ct. App. 2000) (citing *Derrick v. Norton*, 983 S.W.2d 529, 532 (Mo. Ct. App. 1998)).

Again addressing commonality, Progressive argues that Vogt cannot prove causation with common evidence "because that inquiry will differ for every used car sale." Doc. 65 at 21. Further, "[e]very used car sale and the price paid is unique. . . . Vogt puts forward no evidence—anecdotal, statistical, empirical, or otherwise—to prove common questions and answers will establish proximate cause." *Id.* (citation omitted).  Vogt fails to provide an explanation or answer to this critique in her class-certification filings.  *See generally* docs. 50, 68.

In her summary-judgment filings, Vogt asserts that a Missouri Supreme Court case answers the question of causation. Doc. 100 at 10 (citing *O'Brien v. B.L.C. Ins. Co.*, 768 S.W.2d 64 (Mo. 1989)).  But just like *Parke*, *O'Brien* alone does not resolve Vogt's claim.  In *O'Brien*, the Missouri Supreme Court held that, for negligence claims stemming from mistitling, the "doctrine of intervening cause does not absolve the insurer." 768 S.W.2d at 69.  While *O'Brien* shows a party can bring a negligence claim for mistitling, the case does not establish causation for every subsequent case.  *See Parke*, 613 S.W.3d at 433 ("Missouri courts have already determined that the failure to comply with Section 301.227.1 *can* form the basis for liability in a subsequent suit for negligence." (citing *O'Brien*, 768 S.W.2d at 67–69) (emphasis added)).  As relevant here, *O'Brien* does not analyze all aspects of causation required by Missouri law.

Within the causation inquiry, a plaintiff must satisfy "but for" causation.  *Callahan v. Cardinal Glennon Hosp.*, 863 S.W.2d 852, 862 (Mo. 1993) ("'But for' is an absolute minimum for causation because it is merely causation in fact.").  "The 'but for' causation test provides that 'the defendant's conduct is a cause' of the event if the event would not have occurred 'but for' that conduct.  Put simply, 'but for' causation tests for causation in fact.  Mere logic requires causation in fact." *Id.* at 860–61 (quoting *Prosser and Keeton on Torts* at § 41); *see also Nail v. Husch Blackwell Sanders, LLP*, 436 S.W.3d 556, 562 (Mo. 2014) ("Proof of causation entails

12

proof of causation in fact, or 'but-for' causation, as well as proximate causation." (citing *Callahan*, 863 S.W.2d at 862, 865)).

    With some of the same evidence questioning reliance, Progressive presents evidence questioning but-for causation. *See, e.g.*, doc. 102 at ¶ 32 (Vogt admits she does not know Missouri's title definitions, and she does not know if she previously saw the minivan's title). With this, Progressive puts into question how titling—or mistitling—impacted Vogt's purchase and if it played any role at all.  If titling played no role, Vogt lacks but-for causation. *See Wickham v. Hummel*, 659 S.W.3d 345, 358–59 (Mo. Ct. App. 2022) ("The usual test for a causal connection between a defendant's negligence and a plaintiff's injury is whether the facts in evidence show that the injury would not have been sustained but for the negligence." (quoting *Delisi v. St. Luke's Episcopal Hosp., Inc.*, 701 S.W.2d 170, 175 (Mo. Ct. App. 1985))).  But again, to avoid a "free-ranging merits" inquiry, the Court will not resolve the issue here. *See Amgen*, 568 U.S. at 466 (citing *Wal-Mart*, 564 U.S. at 351 n.6).

    Instead, the jury will need to resolve the issue of but-for causation. *See Coggins*, 37 S.W.3d at 339 ("the causation question is for the jury." (citation omitted)).  Like the misrepresentation claims, members will need to present individual evidence for prima facie showings of negligence and negligence per se.  *Avritt*, 615 F.3d at 1029 (quoting *Blades*, 400 F.3d at 566).  This means the jury will have to consider varied circumstances in determining causation—and Progressive's liability.  *See Luiken*, 705 F.3d at 374.  Specifically, the jury will need to assess whether the alleged mistitling impacted each class member's purchase, analyzing objective evidence and subjective testimony to determine whether each purchase "would not have occurred 'but for'" Progressive's mistitling. *See Callahan*, 863 S.W.2d at 860–61 (quoting *Prosser and Keeton on Torts* § 41).  As such, the Court finds that individual questions

predominate over common questions and denies class certification for the negligence claims. Finding that Vogt's claims do not satisfy Rule 23(b), the Court denies Vogt's motion for class certification.

## IV.    Conclusion

Accordingly, the Court denies Vogt's [49] Motion to Certify Class.

So ordered this 14th day of March 2024.

_____
STEPHEN R. CLARK
CHIEF UNITED STATES DISTRICT JUDGE